UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gerry W., | Case No. 23-cv-2010 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin,[1] *Acting Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"), filed on October 10, 2024. (Dkt. 32.) Plaintiff Gerry W. seeks attorney fees in the amount of $5,528.40 and $402 in costs. (*Id.* at 1.)[2] The Commissioner of Social Security ("the Commissioner" or "the Government") filed objections to the request on the basis that it is untimely. (Dkt. 35 at 2.) Plaintiff filed no reply. For the reasons discussed below, the Court denies Plaintiff's Motion.

---

[1] The Complaint named Martin O'Malley, who was the Commissioner of Social Security when Plaintiff filed his Complaint. (*See* Dkt. 1.) Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2023, Plaintiff filed this case seeking judicial review of a final decision by the Commissioner denying his application for disability benefits.  (Dkt. 1.)  On July 2, 2024, the Court granted in part Plaintiff's Motion for Summary Judgment (Dkt. 16) and remanded this case back to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for a supplemental hearing and further administrative action (Dkt. 27).  The Court entered judgment on July 3, 2024.  (Dkt. 29.)  On October 10, 2024, Plaintiff filed the present Motion, along with supporting materials and exhibits.  (Dkts. 32-33.)

## II.     ANALYSIS

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted).  Congress has provided for limited exceptions to the general rule.  *Id*.  The Equal Access to Justice Act ("EAJA") is one of those exceptions.  The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, **within thirty days of final judgment in the action**, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and

> is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added). Any attorney's fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b).

As stated previously, "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the Court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A judgment is "final" for the purposes of § 2412(d) when it is "not appealable." *Id.* § 2412(d)(2)(G). When the federal government is a party to a civil case, as is the case here, the appeal period lapses after 60 days. *See* Fed. R. App. P. 4(a)(1)(B). As such, a prevailing party seeking EAJA fees is required to apply within 90 days from the entry of judgment where there is no appeal taken. *See Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

In this case, judgment was entered on July 3, 2024. (Dkt. 29.) Therefore, the 60-day appeal period ended on Tuesday, September 3, 2024, given that the 60 days fell on a Sunday and Monday was the Labor Day holiday. *See* Fed. R. App. P. 4(a)(1)(B); Fed. R. App. P. 26(a)(1)(C). No appeal was filed. Accordingly, Plaintiff had until October 3, 2024 to apply for EAJA fees, which was 30 days after September 3, 2024. *See* 28 U.S.C. § 2412(d)(1)(B); *Shalala*, 509 U.S. at 302-03. However, Plaintiff filed the present EAJA

3

Motion on October 10, 2024, 7 days late. Accordingly, the Court must determine whether it can consider Plaintiff's untimely motion.

The EAJA renders the United States liable for attorneys' fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity" and must therefore be "strictly construed in favor of the United States." *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991). That said, the Supreme Court has found that equitable tolling can apply to statutory limitation periods:

> Equitable tolling "effectively extends an otherwise discrete limitations period set by Congress." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10, 134 S.Ct. 1224, 188 L.Ed.2d 200 (2014). In practice, it "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Ibid*. The doctrine "is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods." *Boechler v. Commissioner*, 596 U. S. ——, ——, 142 S.Ct. 1493, 1500, 212 L.Ed.2d 524 (2022). Consistent with this jurisprudential backdrop, we presume that federal statutes of limitations are subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Arellano v. McDonough*, 598 U.S. 1, 6 (2023).

Courts have concluded that equitable tolling is applicable to the EAJA limitations period set by Congress. *See Marlene M. v. Saul*, No. 18-CV-258 (TNL), 2019 WL 6243190, at *2 (D. Minn. Nov. 22, 2019) (EAJA social security fee motion finding that "the doctrine of equitable tolling may be available to Plaintiff") (collecting cases). Equitable estoppel can pause a "statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano*, 598 U.S. at 6; *see also Thompson v. Comm'r of Soc. Sec.*

4

*Admin.*, 919 F.3d 1033, 1036 (8th Cir. 2019) ("'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Marlene M.*, 2019 WL 6243190, at *2 ("To qualify for equitable tolling, a litigant must demonstrate both diligence in pursuit of his or her rights and an extraordinary circumstance that stood in the way.") (citation omitted). "Garden variety' excusable neglect is an insufficient basis for equitable tolling. *See Marlene M.*, 2019 WL 6243190, at *2 (citation omitted)*; see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

In this case, Plaintiff has offered no reason nor explanation for the late filing of his Motion. In the absence of any explanation of how Plaintiff has been pursuing his rights diligently, or that some extraordinary circumstance stood in his way of filing a timely motion, there is no basis for equitable tolling. Consequently, the Motion is denied as untimely.

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT**: Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is **DENIED**.

DATED: January 10, 2025                                  *s/ Elizabeth Cowan Wright*
                                                         ELIZABETH COWAN WRIGHT
                                                         United States Magistrate Judge