**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gerry W.,

Case No. 23-cv-02010 (ECW)

Plaintiff,

v.

**ORDER**

Leland Dudek,[1]
*Acting Commissioner of Social Security*,

Defendant.

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant
to Social Security Act § 206(b)(1) (Dkt. 38). Plaintiff seeks attorney's fees under 42
U.S.C. § 406(b) in the amount of $32,122.50, related to a contingency fee agreement
between Plaintiff and his legal counsel. (Dkt. 39 ¶¶ 3, 7; *see also* Dkt. 39-1.) For the
reasons stated below, the Motion is granted in part and denied in part.

## I.    BACKGROUND

On June 30, 2023, Plaintiff filed this case seeking judicial review of a final
decision by Defendant denying his application for Disability Insurance Benefits. (Dkt.
1.) On July 2, 2024, this Court remanded this case back to Defendant Acting

---

[1]    The Complaint named Martin O'Malley, who was the Commissioner of the Social
Security Administration when Plaintiff filed his Complaint. (*See* Dkt. 1.) Leland Dudek
became the Acting Commissioner of Social Security on February 19, 2025. Pursuant to
Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted
for Martin O'Malley as the defendant in this suit. No further action need be taken to
continue this suit by reason of the last sentence of section 205(g) of the Social Security
Act, 42 U.S.C. § 405(g).

Commissioner of Social Security ("the Commissioner" or "the Government") pursuant to

sentence four of 42 U.S.C. § 405(g).  (Dkt. 27.)

On remand, Plaintiff was awarded benefits, including past benefits.  (Dkt. 39 ¶ 4;

Dkt. 39-2.)

On January 10, 2025, this Court denied Plaintiff's Motion for Attorney's Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. 32), which

had sought attorney fees in the amount of $5,528.40 and $402 in costs.  (Dkt. 36.)  The

Court denied this motion as untimely.  (*Id.*)

On March 8, 2025, Plaintiff received a Notice of Award from the Social Security

Administration ("the SSA") awarding him $165,290[2] in past-due benefits.  (Dkts. 39 ¶ 4;

39-2 at 2.)  The SSA withheld twenty-five percent from this amount, which is

$41,322.50, for legal expenses in the event the SSA needed to pay that amount to

Plaintiff's representative.  (Dkt. 39-2 at 3.)

On March 21, 2025, Plaintiff's counsel filed the present Motion, seeking

$32,122.50 in attorney's fees under 42 U.S.C. § 406(b).[3]  (Dkt. 39 ¶ 7.)  The

Commissioner filed a response to the Motion, neither supporting nor opposing the request

for attorney fees but advising the Court that the effective rate claimed by Plaintiff's

counsel is higher than what "may be at the high end of what courts [in this District] have

---

[2]    This number accounts for the SSA's practice of rounding down to the nearest
dollar.  (Dkt. 39-2 at 2.)

[3]    The Court notes that Plaintiff's attorney will be requesting fees at the
Administrative level in the amount of $9,200.00 for representation at the post-litigation
hearing.  (Dkt. 39 ¶ 6.)

found reasonable" and that counsel must refund to the Plaintiff the lesser of the EAJA

and § 406(b) fee awards (acknowledging that the request for EAJA fees was denied as

untimely).  (Dkt. 44.)

## II.    ANALYSIS

### A.    Legal Standard

The relevant statute, 42 U.S.C. § 406(b)(1), provides:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court
> may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits
> to which the claimant is entitled by reason of such judgment, and the
> Commissioner of Social Security may, notwithstanding the provisions of
> section 405(i) of this title, but subject to subsection (d) of this section, certify
> the amount of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits. In case of any such
> judgment, no other fee may be payable or certified for payment for such
> representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

The Supreme Court has recognized that the Social Security Act has no "design to

prohibit or discourage attorneys and claimants from entering into contingent-fee

agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).  Instead, a court must

independently determine whether attorney's fees sought under such an agreement is

reasonable. *See id.* at 808.  Contingency agreements are unenforceable when they require

fees in excess of 25 percent of the past-due benefits, and when "[w]ithin the 25 percent

boundary . . . the attorney for the successful claimant must show that the fee sought is

reasonable for the services rendered." *Id.* at 807 (citing 42 U.S.C. § 406(b)).  "[T]he

award set by the contingency agreement must be the anchor of the court's reasonableness

analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025) (marks and citation omitted). In looking at whether the amount of a contingency award is reasonable, a court may also be aided by the number of hours spent by counsel, a attorney's normal billing rate, any delay caused by counsel, and the character of the representation—*i.e.*, the results yielded by the representation. *Id.* at 1220; *see also Shane T. v. Saul*, Civ. No. 18-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) ("A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case.") (citing *Gisbrecht*, 535 U.S. at 808) .

When a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under Section 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff. *Gisbrecht*, 535 U.S. at 789; *see also Shane T.*, 2020 WL 5743075, at *2.

**B.    Reasonableness of Fees and Costs**

Here, Plaintiff's attorney fee agreement states in relevant part:

I understand that my federal court attorney also has the right to ask the court to award 25% of all combined past-due benefits awarded to my family and me ("406(b) fees") for representing me in federal court. The parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC sec. 406(b), (Culbertson v. Commissioner) that counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized, to the claimant.

I understand that the SSA will withhold my past due benefits and will send any approved fee to my federal court attorney. If SSA, through error, fails to

withhold my federal court attorney's fee and pays the legal fee to me by mistake (which sometimes happens), I will pay my federal court attorney promptly from the back benefits I receive. If my retroactive payment is released in installments, I agree that I will pay the entire authorized federal court attorney's fee from the first installment.

(Dkt. 39-1 at 2.)

As stated above, Plaintiff's Notice of Award indicates that the SSA withheld approximately $41,322.50 (25%) from his past-due benefits to pay attorney fees. (Dkt. 39 ¶ 5; Dkt. 39-2 at 3.) Plaintiff's counsel agrees with that calculation. (Dkt. 39 ¶ 5.) Further, the Commissioner does not dispute that 25 percent of Plaintiff's past-due benefits would be $41,322.50. (*See* Dkt. 44.)

Plaintiff's counsel seeks a payment of $32,122.50, representing 25% of past-due benefits after subtracting $7,200.00, the amount sought in fees under 42 U.S.C. § 406(a). (Dkt. 39 ¶ 6.) According to Plaintiff's counsel, the payment is for at least 21.4 hours of work (concerning attorney time billed) and possibly as much as an additional 5.1 hours of paralegal time. (Dkt. 39 ¶ 9; *see also* Dkts. 39-3, 39-4.) Excluding the 5.1 hours of paralegal time (which totals $510 based on $100/hour), the hourly rate for the attorney time spent on this matter is $1477.22 per hour (($32,122.50-$510)/21.4 hours = $1477.22/hour).[4]

---

[4]    The Court notes that Plaintiff's counsel represents as follows: "Plaintiff's attorneys and paralegals logged 26.5 hours representing Plaintiff before this court. Of this time, 21.4 hours were attorney time and 5.1 hours were paralegal time. If the paralegal time is billed at $100 an hour and deducted, the effective hourly attorney rate is $1,570.68." (Dkt. 39 ¶ 9.) However, using Plaintiff's formula results in the effective hourly rate of $1477.22 set forth above.

The Court finds that an hourly rate of $1477.22 is reasonable in this case.  The

Court recognizes that this rate is on the high end of what courts in this District have

found reasonable.  *See Matthew L. v. O'Malley*, No. 21-CV-1009 (JFD), 2024 WL

1694839, at *2 (D. Minn. Apr. 19, 2024) (approving effective rate of $1,250/hour but

noting that it was "on the high end of what courts in this District have found

reasonable").  However, the Court must focus on the factors set forth by the Supreme

Court in *Gisbrecht* in assessing whether a fee based on the amount awarded is reasonable,

as those factors are more relevant than rates other courts found reasonable based on

different facts.  *See Kertz*, 125 F.4th at 1223.

Considering that Plaintiff's attorneys' legal representation resulted in a disability

benefit award in a contested case (as opposed to a stipulated remand), including future

benefits; there is no indication counsel were responsible for any delay (outside of failing

to file a timely EAJA motion); and counsel spent a reasonable amount of time on the case

(not charging for a number of tasks), the Court finds no reason here to reduce the award

based solely on the hourly rate of $1477.22.  *See Jones v. Berryhill*, 699 F. App'x 587,

588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-808); *Shane T.*, 2020 WL

5743075, at *1 ("A reduced fee may be appropriate where the legal representation was

substandard, counsel was responsible for delay that increased the fund from which the fee

was payable, or if benefits were large in comparison to the amount of time counsel spent

on the case.") (citing *Gisbrecht*, 535 U.S. at 808).

That said, the Court will deduct .6 hours from the time spent by legal counsel on

the untimely EAJA motion.  (Dkt. 39-4 at 3.)  Subtracting the .6 hours results in a total of

20.8 hours of time (21.4-0.6 = 20.8) leading to an award of $30,726.17 ($1477.22 x 20.8 hours = $30,726.17).

However, this does not end the Court's deductions.  The Supreme Court has ruled that Plaintiff's counsel must return to Plaintiff the amount of EAJA fees previously awarded to counsel.  *See Gisbrecht*, 535 U.S. at 796.  As noted above, the Court denied as untimely Plaintiff's EAJA motion, which had sought attorney fees in the amount of $5,528.40.  (Dkt. 36.)  In such instances, courts have found awarding the full amount sought by counsel under Section 406(b) unreasonable:

> It is undisputed that Plaintiff's counsel did not timely file a motion for attorney's fees under EAJA "within 30 days of the order of remand or reversal," *see*, M. D. Tenn. Local Rule 54.01(b)(3)(A) and the instant motion only seeks fees pursuant 42 U.S.C. § 406(b)(1). This is important because "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past due Social Security benefits, the United States must pay fees awarded under EAJA out of government funds." *Gisbrecht*, 535 U.S. at 795-796. In practice, this means Social Security claimants pay § 406(b) fees out of their benefits, whereas the government must pay EAJA fees independent of the benefits award. *Minor v Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016). Furthermore, an award under EAJA offsets any fee award under § 406(b), permitting the claimant to recover an additional portion of their past due benefits. Thus, an attorney's failure to apply for EAJA fees arguably results in a penalty to the claimant because the Plaintiff does not receive the benefit of having the lower award refunded to her. *Horton v. Commissioner of Social Security*, 2018 WL 4701588, at *1 (M. D. Tenn. October 1, 2018).

> As this Court has previously noted, "[t]o prevent plaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." *Horton*, *supra* at *1, *citing Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016).

*Thompson v. O'Malley*, No. 2:19-CV-0004, 2024 WL 4509161, at \*3 (M.D. Tenn. Oct.
15, 2024), *R. & R. adopted,* 2024 WL 4666294 (M.D. Tenn. Nov. 4, 2024).  Here, the
Court finds it unreasonable for Plaintiff's counsel to realize a windfall based on their
failure to timely file an EAJA motion.  Therefore, the Court deducts $5,528.40, claimed
as part of the untimely EAJA motion, from the total Rule 406(b) award.  *See id.* at \*4
("Applying that offset, the fees counsel would have been awarded under EAJA exceed
the requested amount in this case and therefore, counsel'[sic] award request should be
DENIED.") (emphasis omitted).

As such, the Court awards Plaintiff's counsel $25,197.77 ($30,726.17 - $5,528.40
= $25,197.77) in Rule 406(b)(1) fees related to this case.

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS
ORDERED THAT:**

1.      Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act
§ 206(b)(1) (Dkt. 38) is **GRANTED** in part and **DENIED** in part; and

2.      Plaintiff's counsel is **AWARDED** $25,197.77 for reasonable attorney's
fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: April 16, 2025                           *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge